UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-mc-81903-MIDDLEBROOKS

INNOVATUS CAPITAL PARTNERS, LLC,

    Movant,

vs.

MTRX HOLDINGS II, LLC,

    Respondent.
_____/

## ORDER TRANSFERRING MOTION TO ENFORCE SUBPOENA

THIS CAUSE comes before the Court upon Movant Innovatus Capital Partners, LLC's ("Innovatus") Motion to Compel Documents Responsive to Subpoena. (DE 1). Innovatus initiated this action on October 13, 2021 to compel the production of documents sought by a subpoena issued to a non-party, MTRX Holdings II, LLC ("MTRX"), in connection with two lawsuits pending in the Southern District of New York ("SDNY"), *Innovatus Capital Partners, LLC v. Jonathan Neuman*, Civil Action No. 1:18-cv-4252-LLS and *MV Realty PBC, LLC v. Innovatus Capital Partners, LLC*, Civil Action No. 1:18-7142-LLS. The non-party Respondent, MTRX, is located in this District. Innovatus requests that the court find that MTRX waived its objections to the subpoena and compel compliance.

Innovatus alleges in the underlying litigation that the Defendants Jonathan Neuman, Antony Mitchell, Ritz Advisors, LLC, Greg Williams, Daryl Clark and Amanda Zachman, all of whom are associated with a Florida real estate brokerage firm MV Realty PBC, LLC, stole confidential business information from Innovatus in violation of non-disclosure agreements. (DE 1 at 1–2). According to the Complaint, through these NDAs the Defendants consented to the

jurisdiction of New York and for New York law to govern the resolution of any disputes. (DE 1-1 at ¶ 9).

Federal Rule of Civil Procedure 45 requires that subpoena-related motions be filed in the district in which compliance is required. Fed. R. Civ. P. 45(c). However, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The Advisory Committee Notes expand upon the "exceptional circumstances" that indicate the appropriateness of transfer:

> [T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) (advisory committee's note to 2013 amendment). Further, "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas." *Id.*

The underlying litigation has been pending before Judge Stanton in SDNY since 2018. (DE 1 at 7). Judge Stanton recently ruled on Defendants' Motion for Summary Judgment, in which Judge Stanton addressed the scope of discovery. (*Id.* at 7–8). Innovatus additionally seeks to file portions of the instant motion under seal, at least in part pursuant to a Protective Order entered by Judge Stanton. (DE 7 at 1). Any determination that I make as to the appropriateness of sealing with respect to this motion may conflict with Judge Stanton's rulings on similar issues. Judge Stanton's familiarity with the legal and factual issues places him in a better position to make such determinations. Moreover, Innovatus filed in this District additional similar motions to compel compliance of non-parties with subpoenas issued in the underlying action. In assessing one such motion, Judge Reinhart found that exceptional circumstances warranted transfer to Judge Stanton

under Federal Rule 45. *Innovatus Capital Partners, LLC v. Tin-Rez Holdings, Inc.*, 21-mc-81902-RAR, DE 9 (assigned to Judge Ruiz and referred to Judge Reinhart). That another judge in this District found transfer of a similar motion to be appropriate further indicates that the interests of consistency and efficiency are best served by transfer of this motion.

Further, any interest MTRX may have in a local resolution in this District is minimal. According to Innovatus' representations in this motion, Florida Secretary of State filings show that MTRX is controlled by two Defendants, Mitchell and Neuman, (DE 1 at 2), both of whom have consented to jurisdiction in New York in the underlying action. (DE 1-1 at ¶ 9). Counsel for MTRX is also representing Defendants in the underlying action, further demonstrating that MTRX is not likely to suffer prejudice by litigating this motion in New York. (DE 1 at 9). Therefore, because MTRX's minimal interest in a local forum is outweighed by the above-described interests, I find that exceptional circumstances warrant the transfer of this motion to the Southern District of New York.

Accordingly, the Clerk of the Court is hereby **ORDERED** to transfer Innovatus' motion to compel the production of subpoenaed documents from non-party MTRX Holdings II, LLC to the Southern District of New York, *Innovatus Capital Partners LLC v. Jonathan Neuman*, Civil Action No. 1:18-cv-4252-LLS.

**SIGNED** in Chambers at West Palm Beach, Florida, this 19th day of October, 2021.

Donald M. Middlebrooks
United States District Judge

cc:   Counsel of Record